STATE OF MINNESOTA  
COUNTY OF HENNEPIN

DISTRICT COURT  
FOURTH JUDICIAL DISTRICT  
Case Type: Other Civil

---

| | |
|---|---|
| Kelly Charbonneau,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Experian Information Solutions, Inc., and Rushmore Loan Management Services LLC,<br><br>　　　　Defendants. | Court File No.:<br>Judge:<br><br><br>**Summons** |

THIS SUMMONS IS DIRECTED TO THE ABOVE-NAMED DEFENDANT(S):

　　1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

　　2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS**. You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

　　　　　　　　Kazerouni Law Group  
　　　　　　　　120 S. 6th St., Suite 2050  
　　　　　　　　Minneapolis, MN 55402

　　3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case**.

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

KAZEROUNI LAW GROUP, APC

Date: September 2, 2020

By:/s/ Anthony Chester
Anthony P. Chester (Bar No. 0396929)
KAZEROUNI LAW GROUP, APC
120 South 6th Street, Suite 2050
Minneapolis, MN 55402
Telephone: (952) 225-5333
Facsimile: (800) 635-6425
Email: tony@kazlg.com

*Attorneys for Kelly Charbonneau*

| | |
|---|---|
| STATE OF MINNESOTA<br>COUNTY OF HENNEPIN | DISTRICT COURT<br>FOURTH JUDICIAL DISTRICT<br>Case Type: Other Civil |

| | |
|---|---|
| Kelly Charbonneau,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Experian Information Solutions, Inc., and Rushmore Loan Management Services LLC,<br><br>　　　　Defendants. | Court File No.:<br>Judge:<br><br><br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information

on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The FCRA protects consumers through a tightly wound set of procedural protections from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3. Kelly Charbonneau ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of Defendants Experian Information Solutions, Inc. ("Experian") and Rushmore Loan Management Services LLC ("Rushmore") (jointly as "Defendants"), with regard to erroneous reports of derogatory credit information and Defendants' failure to properly investigate Plaintiff's disputes.

4. Defendants failed to properly investigate Plaintiff's disputes, damaging Plaintiff's creditworthiness.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in Minnesota.

7. Defendants committed each of these violations knowingly, willfully, and intentionally, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

8. Through this Complaint, Plaintiff does not allege that any state court judgment was entered against anyone in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

### PARTIES, JURISDICTION, AND VENUE

9. Jurisdiction of this Court arises pursuant to general state jurisdiction.

10. Plaintiff is an individual residing in the County of Hennepin, State of Minnesota.

11. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

12. Defendant Experian is a business entity doing business in the County of Hennepin, State of Minnesota.

13. Defendant Experian's registered agent address is: CT Corporation Systems Inc., 1010 Dale St. N., St. Paul, Minnesota 55117.

14. Defendant Experian regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and use interstate commerce to prepare and/or furnish the reports. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

15. Defendant Rushmore is an entity doing business in the County of Hennepin, State of Minnesota.

16. Defendant Rushmore's registered office address is: Corporation Service Company, 2345 Rice Street, Suite 230, Roseville, MN 55113.

17. The creditor named herein, Rushmore, is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnish information to a consumer credit reporting agency.

18. Plaintiff is informed and believes and thereon alleges that all acts of corporate employees as hereinafter alleged were authorized or ratified by an officer, director or managing agent of the corporate employer.

19. Plaintiff is informed and believes and on that basis alleges that at all times mentioned herein Defendants were the principal, agent or employee and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which Defendants are liable to Plaintiff or the relief prayed for herein.

20. Venue lies with this Court pursuant to Minn. Stat. § 542.01 because that is where the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

21. On or about October 2003, Plaintiff incurred a debt related to financial obligations on a mortgage (the "Account").

22. On or about February 27, 2014, Plaintiff filed for Chapter 13 Bankruptcy in the United States Bankruptcy Court for the District of Minnesota pursuant to 11 U.S.C. § 1301 *et seq*. Plaintiff's case was assigned Case Number 14-40822 (the "Bankruptcy").

23. Plaintiff's obligation on the Account were scheduled in the Bankruptcy.

24. In the Bankruptcy, Plaintiff surrendered the real property attached to the Account.

25. As a result of Plaintiff's surrender of the real property attached to the Account, any claim on the Account in the Bankruptcy was converted to an unsecured claim.

26. Unsecured claims are subject to discharge in bankruptcy.

27. In a letter dated September 7, 2016, Rushmore noticed Plaintiff of the transfer of the Account to Rushmore.

28. Rushmore had notice of Plaintiff's Bankruptcy from Rushmore's predecessor in interest.

29. Plaintiff received a discharge on March 12, 2019.

30. Accordingly, any debt on the Account to Rushmore was discharged through the Bankruptcy on March 12, 2019.

31. It is illegal and inaccurate for Defendants to report any post-Bankruptcy derogatory collection information, which was inconsistent with the Orders entered by the Bankruptcy Court.

32. However, Defendants either reported or caused to be reported inaccurate information after the Bankruptcy as discussed herein.

33. Defendants' reporting post-Bankruptcy derogatory information was inaccurate and materially misleading in that Defendants continued reporting information based on pre-bankruptcy contract terms on the Account, which were no longer enforceable upon the Bankruptcy filing, thereby rendering the disputed information "inaccurate".

34. Additionally, Defendants' inaccurate reporting did not comply with the Consumer Data Industry Association's Metro 2 reporting standards, which provides guidance for credit reporting and FCRA compliance.

35. The Consumer Data Industry Association ("CDIA") publishes Metro 2 format ("Metro 2") to assist furnishers with their compliance requirements under the FCRA.

36. On information and belief, Defendants adopted and at all times relevant implemented Metro 2.

37. On information and belief, Defendants adopted Metro 2 and at all times relevant implemented Metro 2 as an integral aspect of their respective duties under the

FCRA to have in place adequate and reasonable policies and procedures to handle investigations of disputed information.

38. Despite Metro 2's instructions, Defendants failed to conform to Metro 2 when reporting on Plaintiff's accounts after Plaintiff filed Bankruptcy as further set forth below.

39. To this end, the adverse reporting on the Plaintiff's report departed from the credit industry's own reporting standards and was not only inaccurate, but also materially misleading under the CDIA's standards as well.

40. A "materially misleading" statement is concerned with omissions to credit entries, that in context create misperceptions about what otherwise may be factually accurate data. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009).

***Defendants' Inaccurate Reporting of the Account on the Experian Credit Report***

41. In Plaintiff's credit report from Experian ("Experian Credit Report") dated sometime after March 12, 2019 but before June 18, 2019, Defendants failed to report accurate information on the Account.

42. Due to Plaintiff's bankruptcy filing on February 27, 2014, surrender of the real property associated with the Account, and discharge on March 12, 2019, Defendants were required to report the Account as closed and discharged in bankruptcy with a $0 balance.

43. Instead, Defendants reported that the Account was open with foreclosure proceedings beginning.

44. Defendants did not report that the Account was included in the Bankruptcy.

45. It inaccurate for Defendants to report that the Account was open with foreclosure proceedings started on Plaintiff's Experian Credit Report.

### *Plaintiff's Dispute*

46. On or after June 18, 2019, Plaintiff disputed Experian's reporting regarding the the Account pursuant to 15 U.S.C. § 1681i by notifying Experian, in writing, of the incorrect and inaccurate credit information, specifically the inaccurate balance and monthly payment information being reported.

47. Specifically, Plaintiff sent a letter to Experian requesting the above inaccurate and incorrect derogatory information be updated, modified or corrected as to the Account.

48. Experian was required to conduct a reinvestigation into the Account on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681i.

49. Experian was required to send notice of Plaintiff's dispute to Rushmore, pursuant to 15 U.S.C. § 1681i(a)(2).

50. Upon information and belief, Experian notified Rushmore of Plaintiff's dispute.

51. Upon information and belief, Rushmore received notice of Plaintiff's dispute as to the reporting of the Account on the Experian Credit Report.

52. A reasonable investigation by Experian would have indicated that it was reporting the Account inaccurately.

53. A reasonable investigation by Rushmore would have indicated that it was reporting the Account inaccurately on Plaintiff's Experian Credit Report.

54. Rushmore failed to conduct a reasonable investigation despite receiving notice of Plaintiff's bankruptcy discharge from the bankruptcy court and receiving notice of the inaccurate information on Plaintiff's Experian Credit Report from Plaintiff's dispute letters to Experian.

55. Instead, Rushmore re-reported the Account inaccurately to Experian.

56. Experian re-reported the Account inaccurately as well.

### *The Continued Inaccurate Reporting of the Account by Defendants*

57. On Experian dispute results dated July 31, 2019 ("Experian Dispute Results"), Defendants failed to accurately report the Account as discharged in bankruptcy.

58. Instead, Rushmore verified the information as accurate to Experian, and on Plaintiff's Experian Dispute Results, Defendants inaccurately reported that the Account was open and "foreclosure proceedings started" as of July 2019.

59. Defendants' reporting was inaccurate because the Account was discharged in Bankruptcy and closed.

60. Rushmore's failures were egregious in that Rushmore received notice of Plaintiff's Bankruptcy discharge and notice of the inaccurate reporting on the

Experian Credit Report, yet Rushmore affirmed the inaccurate reporting of the Account to Experian and caused the Account to continue to report inaccurately.

61. Experian's failures were particularly noteworthy in that Experian received notice of the inaccurate reporting on the Experian Credit Report and had access to Plaintiff's publicly accessible Bankruptcy documents, yet Experian continued to report the Account inaccurately.

### *Defendants' Failures and Plaintiff's Damages*

62. It is inaccurate to report an account is subject to a foreclosure proceeding when the account was discharged in bankruptcy.

63. As evidenced by Experian's failure to correct the reporting of Plaintiff's Account despite receiving knowledge of the Bankruptcy and subsequent discharge, and having access to search Plaintiff's publicly available bankruptcy information, Experian failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates as required by and in violation of 15 U.S.C. § 1681e(b).

64. As evidenced by the inaccurate re-reporting, Defendants, upon receipt of Plaintiff's dispute, failed to conduct an investigation and/or reinvestigation with respect to the disputed information as required by 15 U.S.C. § 1681i and/or 15 U.S.C. § 1681s-2(b).

65. Defendants failed to review all relevant information provided by Plaintiff in the dispute to Defendant, as required by and in violation of 15 U.S.C. § 1681i and/or 15 U.S.C. § 1681s-2(b).

66. Due to Defendants' failure to reasonably investigate, Defendants further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and/or 15 U.S.C. § 1681s-2(b), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681i and/or 15 U.S.C. § 1681s-2(b).

67. Defendants' continued inaccurate and negative reporting of the Account in light of its knowledge of the errors was willful. Plaintiff is, accordingly, eligible for statutory damages.

68. Also as a result of Defendants' continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including, without limitation, fear of credit denials, out-of-pocket expenses in challenging Defendants' inaccurate reporting, damage to Plaintiff's creditworthiness, damage to Plaintiff's credit reputation, and emotional distress.

69. By inaccurately reporting account information after notice and confirmation of its errors, Defendants failed to take the appropriate measures as required under 15 U.S.C. § 1681i and/or 15 U.S.C. § 1681s-2(b).

## FIRST CAUSE OF ACTION
## THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681 *ET SEQ.* (FCRA)

70. Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

71. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

72. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendants.

73. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100.00 and not more than $1,000.00, pursuant to 15 U.S.C. §1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. §1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. §1681n(a)(3) from Defendants.

## REQUEST FOR JURY TRIAL

74. Plaintiff is entitled to, and demands, a trial by jury.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

1. A declaratory judgment that Defendants' actions as discussed herein are unlawful;

2. Plaintiff's actual damages;

3. Statutory damages of not less than $100 and not more than $1,000.00 to Plaintiff, pursuant to 15 U.S.C. § 1681n(a)(1), against each Defendant;

4. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681o(a)(2) or 15 U.S.C. §§ 1681n(a)(3), against Defendants; and

5. Any other relief the Court may deem just and proper.

 

KAZEROUNI LAW GROUP, APC

Date: September 2, 2020

By:/s/ Anthony Chester
Anthony P. Chester (Bar No. 0396929)
**KAZEROUNI LAW GROUP, APC**
120 South 6th Street, Suite 2050
Minneapolis, MN 55402
Telephone:  (952) 225-5333
Facsimile:   (800) 635-6425
Email: tony@kazlg.com

*Attorneys for Kelly Charbonneau*

## ACKNOWLEDGEMENT

The undersigned acknowledges that sanctions may be imposed pursuant to Minn. Stat. § 549.211.

                                                  **KAZEROUNI LAW GROUP, APC**

Date: September 2, 2020                   By:/s/ Anthony Chester
                                                  Anthony P. Chester (Bar No. 0396929)
                                                  **KAZEROUNI LAW GROUP, APC**
                                                  120 South 6th Street, Suite 2050
                                                  Minneapolis, MN 55402
                                                  Telephone:  (952) 225-5333
                                                  Facsimile:   (800) 635-6425
                                                  Email: tony@kazlg.com

                                                  *Attorneys for Kelly Charbonneau*