## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Kelly Charbonneau, | Civ. No. 20-2028 (DWF/BRT) |
| Plaintiff, | |
| v. | |
| Rushmore Loan Management Services, LLC, | **ORDER FOR SETTLEMENT CONFERENCE USING ZOOM GOV TECHNOLOGY** |
| Defendant. | |

---

The settlement conference set for **January 21, 2021, will begin at 1:00 p.m**. before the undersigned United States Magistrate Judge using Government Zoom technology.

Chambers will send a ZoomGov invitation to counsel for the parties. Counsel should share that information with their clients or client representatives with strict instructions that the meeting invitation not be published to others. The undersigned will not record any portion of the settlement conference, except to memorialize any settlement agreement. Counsel or the parties are strictly prohibited from recording any part of the Settlement Conference.

This Order covers three key topics: (1) required attendees; (2) required pre-settlement conference meetings between counsel; and (3) deadlines and requirements for settlement letters. Please read this Order carefully, because the Court expects counsel and their clients to comply and be fully prepared for the settlement conference.

(1)   **Required Attendees**. Counsel who <u>will actually try the case</u> and <u>each party, armed with full settlement authority</u>, shall be present. This means that each party must attend through a person who has the power to change that party's settlement posture during the course of the conference. If the party representative has a limit, or "cap" on his or her authority, this requirement is not satisfied. If individuals are parties to this case, they must be present. If a corporation or other collective entity is a party, a duly authorized officer or managing agent of that party shall be present. If an insurance company is involved on behalf of any party, a representative of the insurer with the power to pay the policy limits must also attend the settlement conference.

(2)   **Pre-Conference Settlement Discussion(s)**. To encourage the parties to address the issue of settlement on their own, counsel must meet with one another on or before **January 11, 2021,** to engage in a full and frank discussion of settlement. Counsel must prepare for this pre-conference discussion with their respective clients. If an in-person meeting is impracticable because of the geographical location of counsel's offices, they may meet by telephone; however, a meaningful settlement discussion is still required. Plaintiff is expected to make a demand and Defendant is expected to present a counter prior to the settlement conference. If a party does not make an opening demand or counter offer, that party must explain why in the settlement letter. Email and letter exchanges do not meet this

requirement.

(3)     **Confidential Settlement Letters**. If the case does not settle, each attorney

shall submit to the undersigned on or before **January 15, 2021,** a

confidential letter setting forth (a) the parties' respective settlement

positions before the meeting; (b) the parties' respective positions following

the meeting; (c) a concise analysis of each remaining liability issue, with

citation to the primary relevant authority; (d) a reasoned, itemized

computation of each element of the alleged damages, with a concise

description or summary of the testimony of each witness who will testify in

support of the damage computations; (e) a reasoned analysis of the

strengths and weaknesses of their client's case; and (f) a reasoned analysis

justifying their client's last stated settlement position, as well as any

additional information believed to be helpful to the process of reaching

agreement. If you have case law to support your settlement position, please

provide copies of the cases and explain why they are relevant in your letter.

Please provide only the cases you believe are <u>necessary for Judge Thorson

to review prior to the settlement conference</u>. If any other documents are

submitted with the letter, the specific information supporting the party's

position <u>must be highlighted in yellow</u>. No more than 25 pages of

attachments are permitted without prior Court approval. The confidential

statement letter is for the Court's use only and should not be served on

opposing counsel. Counsel must email their confidential settlement letter to

3

thorson_chambers@mnd.uscourts.gov.

The parties must inform the Court in the confidential letter to be submitted to the Court before the settlement conference the name and position of the person(s) who will attend the settlement conference with full authority to settle the case.

Any deviation from these requirements must be approved by the Court more than seven days prior to the settlement conference.

Failure of any lawyer to submit this letter may result in the settlement conference being rescheduled and the imposition of an appropriate sanction on the attorney whose failure caused the conference to be postponed.

Failure of any party or insurance company to comply with any part of this Order may result in the postponement of the settlement conference and/or imposition of an appropriate sanction on the party, company, or attorney who failed to comply.

Date: November 24, 2020

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge